IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALKEEM J. BRITT, #249928,  )  )  Plaintiff,  )  )  v.  )  )  HOUSTON COUNTY JAIL, *et al.*,  )  )  Defendants.  ) | Case No. 1:21-cv-241-WHA-SMD  [WO] |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Alkeem J. Britt, an inmate formerly confined at the Houston County Jail, brings this action under 42 U.S.C. § 1983. *Compl.* (Doc. 1) pp. 2–5. On March 29, 2021, the Court ordered Plaintiff to "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." *Order* (Doc. 3) p. 2. The Court cautioned Plaintiff that failure to provide a correct address to this Court within ten days after any change of address would result in a recommendation that this case be dismissed. *Id.*

On May 25, 2021, the undersigned learned that Plaintiff no longer resides at the Houston County Jail. *Order* (Doc. 17) p. 1. Accordingly, the undersigned ordered Plaintiff to show cause, on or before June 4, 2021, why this case should not be dismissed for failure to prosecute. *Id.* The undersigned warned Plaintiff that failure to comply would result in a recommendation that this case be dismissed. *Id.* To date, Plaintiff has neither provided a correct address to this Court nor responded to the undersigned's show cause order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that such a "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to provide a correct address to this Court and to comply with the undersigned's show cause order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice. It is ORDERED that the parties shall file any objections to this recommendation on or before **October 5, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court

except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 21st day of September, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE